### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION

| | |
|---|---|
| **DIANE TUCKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action, Case No.:** 5:08CV96-R |
| **v.** ) | |
| ) | **JURY DEMAND** |
| **CNA HOLDINGS, INC. through its subsidiary** ) | |
| **CELANESE  CORPORATION** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW the Plaintiff, Diane Tucker, by and through her undersigned counsel, and

for her Complaint states as follows:

## NATURE OF THE COMPLAINT

1.      This is a civil action arising under the laws of the United States, and is brought

pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

## THE PARTIES

2.      Plaintiff is a resident of McCracken County, Kentucky.  Plaintiff was, at all

relevant times, an employee of Defendant Celanese Corporation at its facility in Calvert City,

Kentucky.

3.      Defendant CNA Holdings, Inc. is a Delaware corporation with its principal place

of business at 86 Morris Avenue, Summit, NJ  07901.  Its registered agent for service of process

is CT Corporation System, which may be served at the Kentucky Home Life Building, 239 South

5th Street, Louisville, KY 40202. Defendant CNA Holdings, Inc. is the corporate parent of Defendant Celanese Corporation.

4.      Defendant Celanese Corporation is a subsidiary of Defendant CNA Holdings, Inc. with its principal place of business located at 1601 West LBJ Parkway, Dallas, TX 75234-6034. Defendant Celanese Corporation operates a facility known as Celanese Chemicals located at 246 Johnson Riley Road P.O. Box 970 Calvert City, KY 42029-0970.   Defendant Celanese Corporation is no longer registered with the Kentucky Secretary of State except as its corporate parent CNA Holdings, Inc.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the federal claims brought by Plaintiff pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, because they raise federal questions pursuant to 28 U.S.C. § 1331.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendants conduct business and employed Plaintiff in Marshall County, Kentucky, which is located within this judicial district.

7.      Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission, a copy of which is attached hereto as Exhibit A. Plaintiff received a Notice of Right to Sue from the EEOC with respect to the charges set forth below less than ninety days prior to the filing of this Complaint.  A copy of Plaintiff's Notice of Right to Sue letter is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

8.    As a teenager, Ms. Tucker developed a medical condition that required major surgery and implantation of a corrective device.

9.    In 1992, Ms. Tucker was hired as a Chemical Operator at the facility then owned by Air Products. As a condition of her employment, Ms. Tucker underwent a thorough physical examination that included disclosure of her medical condition and corrective device.

10.    Ms. Tucker passed the physical and worked as a Chemical Operator at the facility for many years without incident.

11.    Defendant Celanese Corporation acquired Ms. Tucker's medical history when it bought the facility at which Ms. Tucker worked from Air Products.

12.    On or about August 12, 2007, Ms. Tucker injured her back in the course of her duties for Defendants.

13.    Ms. Tucker worked on light-duty assignments for a few weeks while her back healed. During this period, one of Defendants' safety employees showed up at several of Ms. Tucker's appointments with her personal doctor and made several other contacts with the doctor. Despite this employee's efforts, the doctor concluded the injury did not result from Ms. Tucker's medical condition or corrective device.

14.    By mid-September, Ms. Tucker had returned to full twelve-hour workdays. Although she still had some work restrictions, Ms. Tucker competently performed very physical work. Nevertheless, Defendants perceived Ms. Tucker as disabled and took adverse action against her.

15.    On or about September 10, 2007, the same safety employee sent an e-mail to all of Defendants' employees worldwide regarding Ms. Tucker. The employee identified Ms.

Tucker by her job duties, length of service, gender, and work facility then described in detail her medical condition, the corrective device she received, and falsely stated that this medical history had caused Ms. Tucker's injury.

16.     Ms. Tucker's co-workers and superiors saw the e-mail before she did.  Indeed, two of Defendants' agents spoke with Ms. Tucker and apologized for the e-mail before she saw it.

17.     When Ms. Tucker entered Defendants' facility, she heard various co-workers discussing her medical history and the false impression that it contributed to her injury.  After hearing these discussions about her, Ms. Tucker became physically ill and had to leave work.

18.     Ms. Tucker suffered severe emotional injury as a result of the unlawful treatment and unlawful disclosure of her medical history.  The stress and emotional injury caused by the unlawful disclosure of Ms. Tucker's medical history to her co-workers also hindered Ms. Tucker's physical healing, causing her to require a long-term absence from work.

## COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – PROHIBITED DISCLOSURE OF MEDICAL RECORDS

19.     Ms. Tucker realleges and incorporates herein the allegations contained in Paragraphs 1 – 18.

20.     Defendants' actions constitute a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

21.     Defendants possessed and maintained Ms. Tucker's medical history information pursuant to an authorized medical inquiry.

22.     Defendants disclosed Ms. Tucker's medical history to individuals not permitted to receive such information and with no need to know Ms. Tucker's medical history in violation of the Americans with Disabilities Act and its implementing regulations.

23.     Defendants' discriminatory actions against Ms. Tucker were willful and knowingly committed.

24.     As a direct and proximate result of Defendants' adverse treatment of Ms. Tucker in violation of the Americans with Disabilities Act, Ms. Tucker was injured and suffered damages.

25.     Ms. Tucker has sustained a loss of back pay, benefits, incidental expenses, and front pay.

26.     Defendants engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Ms. Tucker's federally protected rights, making Defendants liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## COUNT II

**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – PERCEIVED AS DISABLED OR RECORD OF DISABILITY**

27.     Ms. Tucker realleges and incorporates herein the allegations contained in Paragraphs 1 – 26.

28.     Defendants' actions constitute a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

29.     Defendants treated Ms. Tucker differently than other employees even though she was, at all relevant times, physically and mentally capable of performing all essential functions

of her job because they perceived Ms. Tucker as disabled and/or because she had a record of disability.

30.     Defendants' discriminatory actions against Ms. Tucker were willful and knowingly committed.

31.     As a direct and proximate result of Defendants' adverse treatment of Ms. Tucker in violation of the Americans with Disabilities Act, Ms. Tucker was injured and suffered damages.

32.     Ms. Tucker has sustained a loss of back pay, benefits, incidental expenses, and front pay.

33.     Defendants engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Ms. Tucker's federally protected rights, making Defendants liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

1.     That Defendants be served and required to answer within the time prescribed by law;

2.     That a jury of twelve try this cause;

3.     That, upon the trial of this matter, Plaintiff be awarded judgment for damages of the lost compensation she has suffered from the date of Defendants' unlawful actions, jointly and severally, in an amount to be proven at trial;

4.      That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5.      That the Plaintiff be awarded additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, jointly and severally, in an amount to be proven at trial;

6.      That costs and discretionary costs be taxed against Defendants;

7.      That costs and attorneys' fees be assessed against Defendants pursuant to 42 U.S.C. § 12205;

8.      That Defendants be ordered to pay punitive damages pursuant to Counts I – II in an amount to be determined at trial;

9.      That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

10.     For such other and further relief as the Court may find appropriate.

Respectfully submitted,

s/ D. Wes Sullenger_____
D. Wes Sullenger, KY BAR # 91861
                        TN BPR # 021714

Sullenger Law Office, PLLC
One Executive Boulevard, Suite 340-A
Paducah, KY  42001
Voice: (270) 443-9401
Fax:   (270) 443-3624

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Diane Tucker*