UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:08-CV-96-R

**DIANE TUCKER**                                                               **PLAINTIFF**

**v.**

**CNA HOLDINGS, INC., through it subsidiary**
**CELANESE CORPORATION**                                 **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss (DN 10). Plaintiff has responded (Docket #11), and Defendants have replied (DN 12). This matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion is DENIED.

BACKGROUND

Plaintiff brought this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. She states that as a teenager she developed a medical condition that required major surgery and implementation of a corrective device. In 1992, when she was hired as a Chemical Operator by Air Products, she underwent a physical exam that included disclosure of her medical condition and corrective device. Plaintiff claims that Defendant acquired her medical information when it bought the facility at which she worked from Air Products. Then, on August 12, 2007, Plaintiff injured her back in the course of her duties for Defendants. Her doctor concluded that the injury did not result from her medical condition or corrective device, and after a few weeks of light-duty assignments, Plaintiff returned to full workdays with some work restrictions.

On September 10, an employee who had shown up at Plaintiff's doctor appointments and made contacts with Plaintiff's doctor sent an e-mail to "all of Defendants' employees worldwide" describing Plaintiff's medical condition and her corrective device, and stating that this medical

history had caused Plaintiff's August 12 injury. Plaintiff claims that as a result of this unlawful treatment and disclosure of her medical history she suffered severe emotional injury. Because this stress and emotional injury hindered her physical healing, Plaintiff was required to be absent from work long-term.

Plaintiff alleges that Defendants violated the ADA by disclosing her medical history (Count 1), and by treating her differently than other employees because they perceived her as disabled and/or because she had a record of disability (Count 2).

## STANDARD

Defendants contend that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted. "When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon

which it rests. *Id.* at 1965. Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

## DISCUSSION

Defendant argues that Plaintiff failed to plead sufficient facts to support the claims asserted in her Complaint under the standard established by *Twombly*. Specifically, Defendant states that Plaintiff failed to state a violation of the ADA in Count 1 of her Complaint because she did not establish that Defendant released medical information obtained from either a pre-employment exam or an employer-conducted voluntary medical exam. Defendant also states that Plaintiff failed to state a violation of the ADA in Count 2 because she has not pled facts which demonstrate that she suffered any adverse employment action. Additionally, Defendant states that Plaintiff has not pled facts which demonstrate that she was disabled or that Defendant believed that she was substantially limited in any major life activity.

The ADA requires that information obtained during an employment entrance examination regarding the medical condition or history of an applicant be "treated as a confidential medical record," and only used in accordance with the statute, except "(i) supervisors and managers may be informed regarding necessary restrictions on the work or duties of the employee and necessary accommodations; (ii) first aid and safety personnel may be informed, when appropriate, if the disability might require emergency treatment; and (iii) government officials investigating compliance . . . shall be provided relevant information on request." 42 U.S.C. § 12112(d)(3). The Court finds that Plaintiff has stated a claim under this subsection of the ADA. Plaintiff alleges that medical information obtained by her previous employer during a physical examination was acquired

3

by Defendants when it bought the facility where she worked, and then was disclosed in a manner not permitted by the statute. Defendant's argument that acquiring Plaintiff's medical information from her previous employer does not fall within the protection of the ADA is not properly considered as part of a motion to dismiss.

Generally, the ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). Here, Plaintiff alleges that Defendants discriminated against her even though she was qualified by disclosing her medical information in violation of the ADA because they perceived her as disabled and/or because she had a record of disability. The court finds that Plaintiff's allegations are sufficient to state a claim for discrimination under the ADA. In her Complaint, Plaintiff does not need to establish that (1) she is a disabled person within the meaning of the ADA, (2) she is qualified to perform the essential functions of her job with or without reasonable accommodation, and (3) she suffered an adverse employment decision because of her disability. These prima facie elements relate "to the employee's burden of presenting evidence," and is "not a pleading requirement." *Lindsay v. Yates*, 498 F.3d 434, 440 (6th Cir. 2007) (quoting *Swierklewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)).

## CONCLUSION

Plaintiff has pled claims for which relief may be granted. The facts and allegations in Plaintiff's Complaint give Defendants fair notice concerning the nature of her claims and the grounds upon which they rest. Therefore, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is DENIED.